Withers, J.
delivered the opinion of the Court.
Perhaps it is not quite clear that the date of the bond is necessarily to be imported into the allegation touching the assignment. But we shall not undertake to affirm, authoritatively, any proposition on this subject. The bond was dated on the 5th June, 1843, and the assignment bore date the 19th July of the same year. Allowing the words, “to wit, on the said fifth day of June, eighteen hundred and forty-three,” to be added to the allegation of assignment, the question is, does this present a case of fatal variance between the allegata et probata ?
Time is not material in alleging a liability arising upon general indebitatus assumpsit; but it is material in-describing a written contract, where an exact date is contained in such contract. Nor is it denied that where the allegation of time might have been omitted, it may, when stated, in some cases, impose the obligation to prove it as laid, unless this be done under a. videlicet. This happens where the allegation *116 of time, and so forth, though not material or essential intrinsically, may be, nevertheless, so inseparably connected with other allegations that are substantive, and are descriptive of the contract, that a separation cannot be effected without destroying the legal intendment or the grammatical sense. Such was the leading case of Wright v. Briston, Douglass, 665, wherein Lord Mansfield held, that though the plaintiff (in suing the Sheriff for taking goods without leaving on the premises a year’s rent,) might) well have omitted to state all the particulars of the devise, yet having so done, he was held to the proof of them as laid. It is obvious that in the case cited the plaintiff was describing a deed which was the foundation of his right. But in general, the' allegations of time, place, &c. when not descriptive of the identity of the subject of the action, are considered immaterial, and therefore need not be proved as laid. Accordingly, if the allegation-in as-sumpsit be, that a bjll of exchange was made on a certain' day, this, not being description, need not be proved as laid-; though it would be otherwise if stated that it bore date that day. Upon a like reason, if the action be for malicious prosecution, and the plaintiff allege that he was acquitted of the charge in question on a day certain, he need not so prove it, but may prove another day, for the substance of the allegation is the acquittal, and the day is immaterial, provided (as I suppose) it appear to be a time anterior to the commencement of the action. I believe it is not uncommon to allege, in describing the endorsements on a note, that each and every of several of them was made on the day and year aforesaid, meaning the date of the note, though it may appear in proof that some one or all might have in fact been at a different and subsequent time; nor do I know that this would prove fatal or important, if a date different from that of the note were found to be attached to one of the endorsements. In such case, as in the present, could there be a doubt that the defendant must clearly perceive the cause of action against him, and have all the protection on the face of the record to which the plea of former recovery or satisfaction would, give him?
The distinguishing characteristic, of the present case is,- that the allegation of the assignment is not any part of the description of the instrument sued upon — nor is the date of its transfer any part of the substance of the issue to be proved, provided it appear to have been before action brought. The allegation assailed is rather a part pf the case comprised in the proof to be adduced. It is intended to set forth merely the plaintiff’s legal right to sue in pursuance of the statute *117 in that behalf. Though it is required in England, as here, that a bail bond be assigned by the Sheriff, under seal, in the presence of two witnesses, it is enough to allege that it was transferred according to the statute. Suppose no day be alleged for the assignment, and yet one be found to have been written, would this be deemed material? I scarcely think so.
Upon the view thus taken, we think the plaintiff may escape the motion made below; though we do not mean to imply that the mode adopted in this case of stating the assignment is at all secundum artem, and we should always prefer to see more care taken in this particular.
The motion is dismissed.
Richardson, J. O’Neall, J. Evans, J. Wardlaw, J. and Frost, J. concurred.

Motion dismissed.